IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **BRYAN GLYNN** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-880 |
| | § | |
| **ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE** | § § § | |
| | § | |
| | § | |
| Defendant. | § | |

**ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE'S ANSWER
AND AFFIRMATIVE DEFENSES TO PLAINTIFF BRYAN GLYNN'S COMPLAINT**

Defendant, ESM Cigars, LLC d/b/a Cigar Warehouse ("Cigar Warehouse") by and through the undersigned counsel, answers the Complaint of Bryan Glynn ("Glynn" or "Plaintiff") as follows:

## PARTIES

1. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 1, and therefore denies those allegations.

2. Admit the allegations in Paragraph 2.

## NATURE OF THE CLAIMS

3. The first clause of the sentence in Paragraph 3 constitutes a legal conclusion and/or characterization of Plaintiff's suit, not allegations of fact requiring an answer. Cigar Warehouse denies the allegations that its conduct was an unauthorized commercial exploitation of one of Plaintiff's federally registered photographs.

1

## JURISDICTION AND VENUE

4. Cigar Warehouse admits that, if proper, claims arising under Titles 17 and 28 of the United States Code would arise within this Court's subject matter jurisdiction, but denies remaining allegation in Paragraph 4 that the Complaint states a valid claim.

5. Admit the allegations in Paragraph 5.

6. Admit that venue is proper in the Eastern District of Texas, denies the remaining allegation in Paragraph 6 that there is more than one defendant.

## CONDITIONS PRECEDENT

7. Deny the allegations in Paragraph 7.

## BACKGROUND FACTS

8. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 8, and therefore denies those allegations.

9. Cigar Warehouse's principal place of business is in Plano, Texas, otherwise deny the remaining allegations in Paragraph 9.

10. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore denies those allegations.

11. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and therefore denies those allegations.

12. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and therefore denies those allegations.

13. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 13, and therefore denies those allegations.

14. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 14, and therefore denies those allegations.

15. Cigar Warehouse lacks knowledge or information sufficient to form a belief as to the allegations in paragraph 15, and therefore denies those allegations.

16. The first sentence in Paragraph 16 constitutes a legal conclusion and/or characterization of Plaintiff's suit, not allegations of fact requiring an answer. Cigar Warehouse denies the remainder of Paragraph 16.

17. Admit that was used for the purpose of facilitating sale of Cigar Warehouse product; denies remainder of Paragraph 17.

18. Admit Cigar Warehouse received notice from Glynn of alleged unauthorized use and attempts were made to resolve the issue; denies remainder of Paragraph 18.

19. Paragraph 19 constitutes a legal conclusion and/or characterization of Plaintiff's suit, not allegations of fact requiring an answer.

## COPYRIGHT INFRINGEMENT

20. Paragraph 20 constitutes characterization of Plaintiff's suit, not an allegation of fact requiring an answer.

21. Deny the allegations in Paragraph 21.

22. Deny the allegations in Paragraph 22.

23. Deny the allegations in Paragraph 23.

## REMOVAL OF COPYRIGHT MANAGEMENT INFORMATION

24. Paragraph 24 constitutes characterization of Plaintiff's suit, not an allegation of fact requiring an answer.

25. Deny the allegations in Paragraph 25.

26. Deny the allegations in Paragraph 26.

## JURY DEMAND

27. Cigar Warehouse admits that Plaintiff demands a jury trial.

## PRAYER

28. Cigar Warehouse denies that Plaintiff is entitled to any relief from Cigar Warehouse. Cigar Warehouse further denies the allegations in sub-paragraphs A-F of Plaintiff's Prayer.

## AFFIRMATIVE AND OTHER DEFENSES

29. The Complaint fails to state a claim upon which relief may be granted.

30. Plaintiff's claims for copyright infringement are barred, in whole or in part, to the extent that Plaintiff does not own validly registered copyrights in the photographs at issue.

31. Plaintiff's claims for copyright infringement are barred, in whole or in part, by the doctrines of unclean hands, estoppel and/or waiver.

32. Cigar Warehouse reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case.

## PRAYER FOR JUDGMENT

WHEREFORE, Cigar Warehouse prays for the following relief:

A. Ordering that Plaintiff takes nothing by way of its Complaint;

B. Dismissal of Glynn's Complaint with prejudice and entry of judgment in favor of Cigar Warehouse;

C. Awarding Cigar Warehouse its costs and reasonable attorneys' fees; and

    D.     Granting such other and further relief as the Court may deem just and proper.

Dated: January 11, 2018

By: */s/ Robert L. Knebel, Jr.*

Robert L. Knebel, Jr.
Texas State Bar No. 11589500
rknebel@fernandezllp.com
Fernandez LLP
2515 McKinney Avenue, Suite 920
Dallas, Texas  75201
(214) 231-2700
(214) 999-1279 - facsimile

**Attorneys for Defendant
ESM Cigars, LLC d/b/a Cigar Warehouse**

## CERTIFICATE OF SERVICE

The undersigned certifies that on this 11th day of January 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3).  Any other counsel of record will be served by a facsimile transmission and/or first class mail.

*/s/ Robert L. Knebel, Jr.*
Robert L. Knebel, Jr.