UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRYAN GLYNN,<br><br>        Plaintiff,<br><br>vs.<br><br>ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE<br><br>        Defendant | CIV. ACTION #  4:17-CV-880-ALM-KPJ<br><br>JURY DEMANDED |

**PLAINTIFF'S CORRECTED MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES**

Now comes Plaintiff Bryan Glynn, filing this Corrected Motion to Strike Defendant's Affirmative Defenses, and respectfully shows as follows:

**I. BACKGROUND**

This is a copyright infringement action. Plaintiff is a professional photographer who maintains a website called Cigar Obsession for the purpose of reviewing cigars and disseminating information about cigar products. Defendant ESM Cigars, LLC d/b/a Cigar Warehouse ("ESM") is a cigar retailer based in Plano, Texas. In or around May, 2017, ESM used one of Plaintiff's photographs on several pages of its website for purposes of marketing its sale of the H. Upman Sungrown Lancero cigar. ESM sought no authorization for its use of Plaintiff's photograph, and in an apparent effort to conceal its wrongful conduct, cropped the photograph in order to remove a watermark identifying Plaintiff's photography company – BG Pictures. This lawsuit followed.

In response to Plaintiff's Complaint, Defendant has filed an answer containing various boilerplate affirmative defenses that are supported by no factual allegations, and which in several

respects are invalid on their face. The affirmative defenses should be stricken because they are insufficiently pled and/or improper.

### III.  STANDARD FOR STRIKING AFFIRMATIVE DEFENSES

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f).  "The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Baker v. Jason*, 2014 U.S. Dist. LEXIS 116170 *4 (S.D. Cal. Aug. 20, 2014).

An affirmative defense may be stricken under Rule 12(f) if it is inadequately pled. *See, e.g., Campmed Cas. & Indem. Co. v. Specialists on Call, Inc.,* Civil Action No. 4:16-CV-00452, 2017 U.S. Dist. LEXIS 10604, at *8 (E.D. Tex. Jan. 26, 2017) (J. Mazzant).  Rule 8(c) requires a defendant to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999).  "[B]aldly naming the defenses without providing any factual support falls well short of putting Plaintiffs on 'fair notice' of the defenses being asserted …[and] should therefore be stricken." *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 133867, at *19 (N.D. Tex. Aug. 17, 2012).

An affirmative defense may also be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, Case No. 3:10-cv-1151-J-34MCR, 2011 U.S. Dist. LEXIS 20529, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011).  A Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Cordero v. Voltaire, LLC,* No. A-13-CA-253-LY, 2013 U.S. Dist. LEXIS 172532 *30 (W.D. Tex. 2013 Dec. 6, 2013).

## IV.  DEFENDANT'S AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

### A.     Defendant's First Affirmative Defense Should Be Stricken

Defendant's first affirmative defense states "[t]he Complaint fails to state a claim upon which relief can be granted." Def.'s Answer, ¶ 29.  Failure to state a claim is not an affirmative defense, but rather a basis upon which to file a motion to dismiss. *SecurityProfiling, LLC v. Trend Micro Am., Inc.,* No. 6:16-CV-01165-RWS-JDL, 2017 U.S. Dist. LEXIS 72218, at *8 (E.D. Tex. May 11, 2017) (adopting recommendation to strike the defense of failure to state a claim upon which relief can be granted as it is not a proper affirmative defense).  In addition, the affirmative defense is supported by no facts, and therefore fails to satisfy Rule 8 pleading standards. *See, e.g., Jones*, 2012 U.S.Dist. LEXIS 133867, at *19 (striking "bald assertion" of failure to state a claim).

### B.     Defendant's Second Affirmative Defense Should Be Stricken

Defendant's second affirmative defense states "Plaintiff's claims for copyright infringement are barred, in whole or in part, to the extent that Plaintiff does not own validly registered copyrights in the photographs at issue." Def.'s Answer, ¶ 30.  This is not an affirmative defense.  Rather, it seeks to negate an element of Plaintiff's *prima facie* case for infringement.

To prove copyright infringement, plaintiff must show (1) ownership of a valid copyright; and (2) violation of one or more of the plaintiff's exclusive rights under the Copyright Act. *See Feist Pub., Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).  Because "ownership" is an element of Plaintiff's *prima facie* case, Defendant's defense is nothing more than an attempt to negate the same.  A defense that simply provides a basis to negate an element of a plaintiff's *prima facie* case is a negative, rather than an affirmative, defense. *Barnes v. AT & T Pension Benefit Plan-Nonbargained Program*, 718 F.Supp.2d 1167, 1174 (N.D. Cal. 2010).  When defenses are pled for the purpose of negating elements of a claim, they operate as "mere[]

3

rebuttals against the evidence presented by the plaintiff" and are not properly pleaded as affirmative defenses. *Id*. at 1173.

C.    **Defendant's Third Affirmative Defense Should Be Stricken**

Defendant's third affirmative defense states "[t]he Complaint is barred in whole or in part by the doctrine of unclean hands, estoppel and/or waiver." Def.'s Answer, ¶ 31.

Unclean Hands: The affirmative defense of unclean hands is an equitable defense that must be pled with the specific elements required to establish the defense. *T-Mobile USA, Inc. v. Wireless Exclusive USA, Ltd. Liab. Co.*, No. 3:08-CV-0340-G, 2008 U.S. Dist. LEXIS 50165, at *7 (N.D. Tex. July 1, 2008) citing *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006). In this case, the affirmative defense is unsupported by any facts, fails to provide fair notice, and should be stricken. *Id*.; *see also TracFone Wireless, Inc. v. King Trading, Inc.*, No. 3:08-CV-0398-B, 2008 U.S. Dist. LEXIS 90613, at *3 (N.D. Tex. Nov. 6, 2008).

Estoppel: To establish estoppel as a defense to a copyright infringement claim a defendant must show that: "(1) the plaintiff must know the facts of the defendant's infringing conduct; (2) the plaintiff must intend that its conduct shall be acted on or must so act that the defendant has a right to believe that it is so intended; (3) the defendant must be ignorant of the true facts; and (4) the defendant must rely on the plaintiffs conduct to its injury." *Carson v. Dynegy, Inc.*, 344 F.3d 446, 453 (5th Cir. 2003). Defendant's affirmative defense of estoppel is unsupported by any facts, and fails to satisfy Rule 8 pleading standards. *See Jones*, 2012 U.S. Dist. LEXIS 133867, at *19.

Waiver: Like unclean hands, the affirmative defense of waiver is an equitable defense that must be pled with the specific elements required to establish the defense. *T-Mobile USA*, 2008 U.S. Dist. LEXIS 50165, at *7. In this case, the affirmative defense is unsupported by any facts, fails to provide fair notice, and should be stricken. *Id*.; *see also Woodfield*, 193 F.3d at 362

("[B]aldly 'naming' the broad affirmative defenses of … 'waiver and/or release' falls well short of the minimum particulars needed to identify the affirmative defense in question . . .").

### D.  Defendant's Fourth Affirmative Defense Should Be Stricken

Defendant's fourth affirmative defense states "Cigar Warehouse reserves all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure, the Copyright Laws of the United States and any other defenses, at law or in equity, that may now exist or in the future be available based on discovery and further factual investigation in this case." Def.'s Answer, ¶ 32. Defendant's "reservation" of defenses is not, in and of itself, an affirmative defense, and should be stricken. *See, e.g., Lane v. Page*, 272 F.R.D. 581, 601 (D.N.M. 2011) quoting *Fogel v. Linnemann (In re Mission Bay Ski & Bike, Inc.)*, Nos. 07 B 20870, 08 A 55, 2009 Bankr. LEXIS 2495, at *13 (Bankr. N.D. Ill. Sep. 9, 2009) ("A reservation of unpled defenses is not a defense of any kind, much less an affirmative one.").

### V.  CONCLUSION

For the foregoing reasons, this Court should strike Defendant's affirmative defenses.

Dated this 6th Day of February, 2018

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone:  512/236-0150
Fax:  512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF BRYAN GLYNN

## CERTIFICATE OF CONFERENCE

      This is to certify that counsel has complied with the meet and confer requirements in local rule CV–7(h) and this motion is opposed.  The personal conference required by this rule was conducted telephonically on February 6, 2018 between counsel for Plaintiff and Defendant; however, no agreement could be reached because the parties disagreed as to whether the defenses referenced in the motion to strike should properly be included in the Defendant's pleadings.  Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

                                                 /s/ R. Buck McKinney

## CERTIFICATE OF SERVICE

      I hereby certify that on February 6, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.  In addition, a copy was mailed to opposing counsel via U.S. Post.

                                                 /s/ R. Buck McKinney