UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| **BRYAN GLYNN** | : |
| **Plaintiff,** | : CIV. ACTION #  4:17-CV-880-ALM-KPJ |
| vs. | : |
| **ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE** | : JURY DEMANDED |
| **Defendant** | : |

**JOINT CONFERENCE REPORT**

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Order Governing Proceedings dated January 26, 2018 (Doc. 7), the parties to this case, by and through their respective counsel, jointly submit this Conference Report.

**1.    Brief Factual Synopsis of Case:**

This is a copyright infringement action.  Plaintiff is a professional photographer who – in addition to providing photography services to clients – maintains a website called Cigar Obsession for the purpose of reviewing cigars and disseminating information about cigar products.  Defendant ESM Cigars, LLC d/b/a Cigar Warehouse ("ESM") is a cigar retailer based in Plano, Texas.

Plaintiff asserts that in or around May, 2017, ESM began using one of Plaintiff's photographs on several pages of its website for purposes of marketing its sale of the H. Upman Sungrown Lancero cigar.  Plaintiff also asserts that ESM sought no authorization for its use of Plaintiff's photograph and that the photograph was cropped in such a manner so as to remove a watermark identifying Plaintiff's photography company – BG Pictures.

Plaintiff has sued Defendant alleging copyright infringement and violations of Section 1202 of the Digital Millennium Copyright Act ("DMCA"), which provides a cause of action for the removal or alteration of so-called "copyright management information."

Defendant challenges the validity of any alleged copyright. Further, Defendant asserts that the photographs, in issue, prominently include H. Upman's label design without permission from its owner of the intellectual property rights, Altadis, and that the H. Upman Label was a preexisting work that was not disclosed in the application.

2. **Jurisdictional Basis for the Suit:**

This Court has subject matter jurisdiction over this action under 17 U.S.C. §§ 101 et seq. (the U.S. Copyright Act); and 28 U.S.C §§ 1331 (federal question) and 1338(a) (copyrights).

3. **The correct names of the parties to this action and any anticipated additional or potential parties:**

    Parties:

        Bryan Glynn

        ESM Cigars, LLC d/b/a Cigar Warehouse

    Potential Parties:

        Eliot Suied (Owner of ESM Cigars)

        Fu Gong Wu (identified in Defendant's initial disclosures as having information regarding the creation of Defendant's website and the content contained therein).

4. **List of any cases related to this case pending in any state or federal court:**

None.

5. **Mandatory Disclosures:**

Initial mandatory disclosures were served by both parties on March 2, 2018.

**6. Alterations to Standard Schedule:**

The Parties do not anticipate the need to alter the standard schedule set forth in Appendix 1 to the Court's Order Governing Proceedings.

**7. Describe in accordance with Rule 26(f):**

**(i) The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues:**

A. Subjects of Discovery:

Plaintiff anticipates discovery on the following: (1) the facts and circumstances surrounding Defendant's acquisition, use and alteration of the photograph at issue, (2) all benefits that accrued to the Defendant through the use of the photograph at issue, including all revenues generated in connection therewith, (3) Defendant's practices and procedures related to the use of photographs and other intellectual property, and its experience related thereto, (4) the involvement of each member, manager and officer of ESM, including Eliot Suied and Dennis Telfer, in the management of the company, including the determination of the policies that led to the infringements in question, their oversight of same, their right and ability to supervise the use of copyrighted materials (including Plaintiff's photographs), and their financial interests in the use and exploitation of such materials, (5) each member, manager and officer's ownership and revenue interests in ESM, and (6) any other information relevant to the claims and defenses in this lawsuit.

Defendant anticipates discovery on the following: (i) the facts and circumstances surrounding Plaintiff's registration of U.S. Copyright Req. No. VAu001271406; (ii) the

publication of the photo in issue prior to registration; (iii) the ownership of the intellectual property rights in the design and labeling of the H. Upman's cigar; and (iv) any other information relevant to the claims and defenses in this lawsuit.

  B. <u>Discovery Cut-Off</u>: The Parties agree that discovery should be completed within the deadline set forth in the standard schedule set forth in Appendix 1 to the Court's Order Governing Proceedings.

  C. <u>Need for Discovery to be Conducted in Phases</u>: The Parties do not believe that discovery should be conducted in phases or be limited to or focused on any particular issues.

**(ii) Issues related to ESI:** The parties have discussed issues related to disclosure and discovery of electronically stored information ("<u>ESI</u>"). Except as amended by agreement, the parties will request and produce ESI in accordance with the Federal Rules of Civil Procedure.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information; and any agreements reached under Federal Rule of Evidence 502:** The Parties have not reached any agreements related to claims of privilege or any issues related to FRE 502, and presently intend to be bound by the federal rules applicable to those issues. The parties' attorneys have discussed the need to preserve discoverable information related to this case, including ESI, and have confirmed that litigation holds were provided to their clients. The parties do not presently anticipate the need for a protective order under Rule 26(c).

    **(iv)**     **Limitations on discovery:** At this time, the Parties do not anticipate the need for any changes in the limitations on discovery or any other limitations imposed under the federal and/or local rules.

    **(v)**     **Other orders:** Except for entry of a scheduling order, the Parties do not presently anticipate the need for any other orders to be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).

**8. Settlement Discussions/ADR:**

The Parties engaged in settlement discussions both prior to and after initiation of this suit, including the exchange of demands and counter-offers, but have not been able to come to any agreements.

Plaintiff is amenable to an early mediation via court-appointed mediator. Defendant is likewise amenable to an early mediation via a court appointed mediator.

**9. Depositions:**

Plaintiff presently anticipates that he may depose the following individuals: Eliot Suied, Dennis Telfer, Fu Gong Wu, and Defendant's expert(s) (if any). Defendant presently anticipates that it may depose the following individuals: FU Gone Wu, Bryan Glynn, a corporate representative of Altadis, and Plaintiff's experts, if any.

**10. Estimated Trial Time/Jury Demand:**

The Parties anticipate 1 to 2 days for trial. Plaintiff has demanded a jury.

**11. Attorneys at Management Conference:**

The undersigned will appear at the Management Conference. Plaintiff notes that, unless obviated by the Court's entry of a scheduling order without holding a Management Conference,

he will be moving for continuance of the Management Conference due to the fact that his counsel is presently scheduled to begin a trial on April 3, 2018.

**12. Trial by Magistrate:**

Plaintiff consents to trial by Magistrate Judge. Defendant does not consent to trial by Magistrate Judge.

**13. Other matters deserving court attention:**

None at this time.

Dated this 6th Day of March, 2018

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone: 512/236-0150
Fax: 512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR PLAINTIFF BRYAN GLYNN


**FERNANDEZ LLP**


/s/ Robert L. Knebel, Jr.
Robert L. Knebel, Jr. State Bar No. 11589500
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
(214) 231-2700
(214) 999-1279 (facsimile)
*rknebel@fernandezllp.com*
ATTORNEYS FOR ESM CIGARS, LLC
D/B/A CIGAR WAREHOUSE

## **CERTIFICATE OF SERVICE**

  I hereby certify that on March 6, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.  In addition, a copy was mailed to opposing counsel via U.S. Post.


                /s/ R. Buck McKinney