UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRYAN GLYNN<br><br>   Glynn,<br><br>vs.<br><br>ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE<br><br>   Defendant | CIV. ACTION # 4:17-CV-880-ALM-KPJ<br><br>JURY DEMANDED |

### PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES

Now comes Plaintiff Bryan Glynn ("Glynn"), filing this Motion to Strike Defendant's Affirmative Defenses, and respectfully shows as follows:

### I. BACKGROUND

This is a copyright infringement action. Glynn is a professional photographer who maintains a website called Cigar Obsession for the purpose of reviewing cigars and disseminating information about cigar products. Defendant ESM Cigars, LLC d/b/a Cigar Warehouse ("ESM") is a cigar retailer based in Plano, Texas.

In or around May, 2017, ESM used one of Glynn's photographs on several pages of its website for purposes of marketing its sale of the H. Upman Sungrown Lancero cigar. ESM sought no authorization for its use of Glynn's photograph, and in an apparent effort to conceal its wrongful conduct, cropped the photograph in order to remove a watermark identifying Glynn's photography company – BG Pictures. This lawsuit followed.

In response to Glynn's Complaint, ESM filed an answer containing various boilerplate affirmative defenses that were supported by no factual allegations, and which in several respects were invalid on their face. Glynn filed a motion to strike the affirmative defenses, after which

1

ESM filed an amended answer deleting most of the affirmative defenses at issue. Def.'s Am. Answer (Doc. 12). Nevertheless, the remaining affirmative defenses in ESM's amended answer should be stricken because they are insufficiently pled and/or are insufficient as a matter of law.

## II. STANDARD FOR STRIKING AFFIRMATIVE DEFENSES

Rule 12(f) provides: "The court may strike from a pleading an insufficient defense . . ." FED. R. CIV. P. 12(f). "The function of a motion to strike is to avoid the unnecessary expenditures that arise throughout litigation by dispensing of any spurious issues prior to trial." *Baker v. Jason*, 2014 U.S. Dist. LEXIS 116170 *4 (S.D. Cal. Aug. 20, 2014).

An affirmative defense may be stricken under Rule 12(f) if it is inadequately pled. *See, e.g., Campmed Cas. & Indem. Co. v. Specialists on Call, Inc.,* Civil Action No. 4:16-CV-00452, 2017 U.S. Dist. LEXIS 10604, at *8 (E.D. Tex. Jan. 26, 2017) (J. Mazzant). Rule 8(c) requires a ESM to "plead an affirmative defense with enough specificity or factual particularity to give the Glynn 'fair notice' of the defense that is being advanced." *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999). "[B]aldly naming the defenses without providing any factual support falls well short of putting Glynns on 'fair notice' of the defenses being asserted …[and] should therefore be stricken." *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 133867, at *19 (N.D. Tex. Aug. 17, 2012).

An affirmative defense may be stricken as insufficient if: "(1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law." *Blount v. Blue Cross and Blue Shield of Fla., Inc.*, Case No. 3:10-cv-1151-J-34MCR, 2011 U.S. Dist. LEXIS 20529, 2011 WL 672450 (M.D. Fla. Feb. 17, 2011). A Rule 12(f) motion to dismiss a defense is proper when the defense is insufficient as a matter of law. *Cordero v. Voltaire, LLC,* No. A-13-CA-253-LY, 2013 U.S. Dist. LEXIS 172532 *30 (W.D. Tex. 2013 Dec. 6, 2013).

### III. AFFIRMATIVE DEFENSES SHOULD BE STRICKEN

**A.  DEFENDANT'S FIRST AFFIRMATIVE DEFENSE SHOULD BE STRICKEN**

ESM's first affirmative defense states "Glynn's claims for copyright infringement are barred by the doctrine of unclean hands and inequitable conduct." Def.'s Am. Answer, ¶ 33.

**(1)  Defense Fails to Satisfy Rule 9(b) Pleading Standard**

The defense of inequitable conduct is generally associated with patent cases, and predicated on the allegation that the plaintiff failed to disclose material information, or submitted materially false information, to the Patent and Trademark Office during prosecution. *See e.g., Digital Control, Inc. v. Charles Mach. Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006). ESM makes the same allegations in this case – but aims them at Glynn's copyright registration. Whether asserted as "inequitable conduct" or improper registration, the defense must meet Rule 9(b) pleading standards. *See, e.g., Samsung Elecs. Co. v. Tex. Instruments*, No. 3:96-CV-0001-P, 1996 U.S. Dist. LEXIS 15111, at *9-12 (N.D. Tex. Apr. 17, 1996); *Lumetrics, Inc. v. Bristol Instruments, Inc.,* 101 F. Supp. 3d 264, 269 (W.D.N.Y. 2015). Moreover, when the defense of unclean hands is combined with a defense involving alleged fraudulent conduct (as it is in this case), Rule 9(b) applies to that defense also. *See, e.g., Fed. Deposit Ins. Co. v. Vann*, No. 11 C 3491, 2013 U.S. Dist. LEXIS 8831, 2013 WL 704478, at *4 (N.D. Ill. Jan. 23, 2013) ("By intertwining allegations of fraud with his unclean hands affirmative defense, Vann triggers the pleading requirements of Rule 9(b).").[1]

In accordance with Rule 9(b), ESM must sufficiently allege that Glynn "knowingly failed to disclose certain information to the Copyright Office with the intent to defraud the copyright office and that the Copyright Office would have probably denied the copyright application if it

---

[1] Even where the two defenses aren't intertwined, unclean hands must be pled with the specific elements required to establish the defense. *T-Mobile USA, Inc. v. Wireless Exclusive USA, Ltd. Liab. Co.*, No. 3:08-CV-0340-G, 2008 U.S. Dist. LEXIS 50165, at *7 (N.D. Tex. July 1, 2008) citing *Reis Robotics USA, Inc. v. Concept Industries, Inc.*, 462 F.Supp.2d 897, 907 (N.D. Ill. 2006).

had been made aware of the undisclosed information." *O.T. Pickell Builders v. Witowski*, No. 96 C 4233, 1998 U.S. Dist. LEXIS 14936, at *16 (N.D. Ill. Sep. 16, 1998); *Rogers v. Better Business Bureau v. Metropolitan Houston, Inc.*, 887 F. Supp. 2d 722, 727 (S.D. Tex. 2012); 17 U.S.C. § 411(b)(1)(A). ESM must also sufficiently allege "(1) the statements that it contends were fraudulent; (2) the speaker; (3) where and when the statements were made; and (4) why the statements were fraudulent." *Lumetrics,* 101 F. Supp. 3d at 269.

The sole factual allegations in support of ESM's affirmative defense of inequitable conduct/unclean hands are as follows:

- "Plaintiff failed to provide accurate information to the U.S. Copyright Office in applying for registration of its copyright" because he registered it as "part of an unpublished collection despite the photograph appearing to be published prior to the application." *Id*. at ¶¶ 32-33.

- "The photographs prominently include H. UPMANN's label design without permission from its owner of the intellectual property rights, Altadis," and "the H. UPMANN label was a preexisting work that was not disclosed in the application." Def.'s Am. Answer, ¶ 32.[2]

ESM's affirmative defense doesn't meet the heightened pleading standards of Rule 9(b). For instance, ESM fails to plead fraudulent intent, doesn't allege why the statements were fraudulent, and doesn't allege why the Copyright Office would have denied registration had it known the allegedly undisclosed facts. *See, e.g., Yurman Design, Inc. v. Chaindom Enters.*, 99 Civ. 9307 (JFK), 2000 U.S. Dist. LEXIS 9243, at *10 (S.D.N.Y. July 5, 2000). As such, the affirmative defense should be stricken. *Id*.

---

[2] Defendant repeats these allegations as follows: "Plaintiff … failed to identify the owner of the intellectual property rights in the label design of the cigar. Further, Plaintiff depicted the cigar and label design without permission from its owner of the intellectual property rights." Def.'s Am. Answer ¶ 33.

**(2)** **Unclean Hands/Inequitable Conduct Defense is Insufficient as a Matter of Law**

In addition to failing to meet Rule 9(b) pleading standards, ESM's unclean hands/inequitable conduct defense is insufficient as a matter of law.

(a) "Display" does not constitute "Publication"

ESM's defense is based in part on the allegation that Glynn falsely registered the photograph at issue as "unpublished." The Copyright Act defines "publication" as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. ESM does not allege that Glynn has done *any* of the foregoing. To the contrary, the only "use" reflected in the pleadings is Glynn's "display" of the photograph on his own website – as part of his review of the H. Upmann Sungrown Lancero cigar. *See* Pltf.'s Complaint, ¶ 12. However, it is black letter law that "public display" does not constitute "publication." 17 U.S.C. 101 ("A public performance or display of a work does not of itself constitute publication."); 4 Nimmer § 4.07[A] (2015) ("[A] *sin quo non* of publication [is] the acquisition by members of the public of a possessory interest in tangible copies of the work in question."); H.R. Rep. No. 94-1476 ("House Report"), p. 138 (1998) "Any form or [sic] dissemination in which a material object does not change hands … is not a publication no matter how many people are exposed to the work."). Because the only use Glynn made of the photograph was for purposes of display, it could not possibly have been improper for him to register it as "unpublished."

For the very same reason, the Register of Copyrights would not have refused registration if it knew the photograph had been displayed in an online cigar review. 17 U.S.C. § 411(b)(1)(B). To the contrary, because "display" does not constitute "publication," the Register of Copyrights would have agreed that the photograph was "unpublished." 17 U.S.C. § 101.

5

      (b)      Glynn did not need Altadis' Permission

ESM's suggestion that Glynn improperly failed to obtain permission from Altadis before photographing its cigar is also insufficient as a matter of law. Photographers are free to photograph any product they like, so long as they do not *use* the photograph in a manner that would cause consumer confusion. *See, e.g., Rock & Roll Hall of Fame & Museum, Inc. v. Gentile Prods.*, 134 F.3d 749, 758 (6th Cir. 1998) (Lanham Act only prevented photographer from "'using in commerce' his photograph of the trademark in such a way as to cause a 'likelihood of confusion' in the market place."). ESM's affirmative defense contains no allegations whatsoever regarding use, and therefore suggests no improper conduct (or "unclean hands") with respect to the subject matter of the photograph. If ESM means to suggest that it was improper for Glynn to use the photograph in connection with his review of the H. Upman Sungrown Lancero cigar, that simply isn't the law. *See, e.g., Boarding Sch. Review, LLC v. Delta Career Educ. Corp.*, 2013 U.S. Dist. LEXIS 48513, at *15 (S.D.N.Y. Mar. 29, 2013) (no likelihood of confusion where website provided reviews of products, rather than suggesting affiliation with the product); *International Payment Services, LLC v. CardPaymentOptions.com*, 2:14-cv-02604-CBM-JC (C.D. Cal. June 5, 2015) (website that reviewed and rated credit card processing companies constituted "nominative fair use," which allows the use of someone's trademark to identify the trademark holder's goods or services). Finally, even if Glynn's review of the Upman cigar implied improper affiliation or was in any other way improper, it could not possibly provide ESM with an affirmative defense of unclean hands because it would have been Upman – not ESM – that was harmed by such conduct. *See, e.g., Balfour Beatty Rail v. Kan. City S. Ry. Co.*, 173 F. Supp. 3d 363, 407 (N.D. Tex. 2016) quoting *Alcatel USA, Inc. v. DGI Techs., Inc.*, 166 F.3d 772, 796 (5th Cir. 1999) ("To invoke the doctrine, a defendant must show that [it] was injured by the plaintiff's improper acts.").

6

    (c)  Glynn was not Obligated to Disclose any Pre-existing Work

With respect to the suggestion that Glynn improperly failed to disclose to the copyright office that the UPMAN label was a preexisting work, again, there was no obligation to do so. Presumably ESM is implying that the photograph should have been registered as a "derivative work" because UPMAN's label appears in the photograph as part of the cigar, but that is not the law. As illustrated in Glynn's complaint, the photograph merely "depicts" the label without "recasting" or transforming" the same. *See* Plt.'s Complaint, ¶ 12 (depiction of Photograph as it appeared on Glynn's website). As such, the photograph could not possibly constitute a derivative work, and Glynn was under no obligation to register the photograph as a derivative work. *See, e.g., SHL Imaging, Inc. v. Artisan House, Inc.*, 117 F. Supp. 2d 301, 306 (S.D.N.Y. 2000); *Latimer v. Roaring Toyz, Inc.*, 574 F. Supp. 2d 1265, 1274 (M.D. Fla. 2008) (specifically rejecting defendant's argument that registration was invalid because photograph depicted a pre-existing work); 17 U.S.C. § 101 (derivative work").

**B. ESM's Second Affirmative Defense Should Be Stricken**

In its second affirmative defense, ESM asserts that "Plaintiff's claims are barred and/or mitigated by the doctrine of copyright apportionment." As an initial matter, "apportionment is not an affirmative defense." *Burns v. Imagine Films Entm't, Inc.*, 92-CV-243S, 2001 U.S. Dist. LEXIS 24653, at *31 (W.D.N.Y. Aug. 23, 2001). Even if it were, the defense is unsupported by any facts, fails to provide fair notice, and should therefore be stricken. *T-Mobile USA*, 2008 U.S. Dist. LEXIS 50165, at *7; see also *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) (Rule 8(c) requires a ESM to "plead an affirmative defense with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced."); *Jones v. JGC Dall. LLC*, Civil Action No. 3:11-CV-2743-O, 2012 U.S. Dist. LEXIS 133867, at *19 (N.D. Tex. Aug. 17, 2012) ("[B]aldly naming the defenses without providing any factual support falls

well short of putting plaintiffs on 'fair notice' of the defenses being asserted …[and] should therefore be stricken.").

## IV. CONCLUSION

For the foregoing reasons, this Court should strike ESM's affirmative defenses.

Dated this 7th Day of March, 2018

**LAW OFFICE OF BUCK MCKINNEY, PC**

/s/ R. Buck McKinney
R. Buck McKinney
State Bar No. 00784572
408 W. 11th St., Fifth Floor
Austin, Texas 78701
Telephone: 512/236-0150
Fax: 512/444-1879
*mckinney@buckmckinney.com*
ATTORNEY FOR GLYNN BRYAN GLYNN

## CERTIFICATE OF CONFERENCE

This is to certify that counsel has complied with the meet and confer requirements in local rule CV–7(h) and this motion is opposed. The personal conference required by this rule was conducted telephonically on March 2, 2018 between counsel for Glynn and ESM; however, no agreement could be reached because the parties disagreed as to whether the defenses referenced in the motion to strike should properly be included in the ESM's pleadings. Discussions have conclusively ended in an impasse, leaving an open issue for the Court to resolve.

/s/ R. Buck McKinney

## CERTIFICATE OF SERVICE

I hereby certify that on March 7, 2018, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all parties who have appeared in this action.

/s/ R. Buck McKinney