**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **BRYAN GLYNN** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 4:17-cv-880 |
| | § | |
| **ESM CIGARS, LLC d/b/a CIGAR WAREHOUSE** | § | |
| | § | |
| Defendant. | § | |

**ESM CIGARS, LLC'S RESPONSE TO**
**PLAINTIFF'S MOTION TO DEFENDANT'S STRIKE AFFIRMATIVE DEFENSES**

Defendant, ESM Cigars, LLC d/b/a Cigar Warehouse ("Cigar Warehouse") by and through the undersigned counsel, respectfully submits this Response and Brief in Support Thereof to Plaintiff's Motion to Strike Defendant's Affirmative Defenses ("Second Motion"). For the reasons stated herein, the Motion should be denied.

## INTRODUCTION

1. Cigar Warehouse is the owner of a business that sells cigars and related merchandise to the public. In addition to its physical retail outlets, Cigar Warehouse sought to sell cigars through the internet. Cigar Warehouse entered into an agreement with an independent contractor to design its website. That independent contractor worked on the site and placed pictures of cigars sold by Cigar Warehouse in an on-line catalog. The contractor included a photograph of an H. UPMANN branded product which is sold by Cigar Warehouse.

2. Plaintiff alleges he is the author and creator of the photograph and that Cigar Warehouse infringed on Plaintiff's copyright by copying, distributing, and/or displaying the

photograph without his consent. Plaintiff notified Cigar Warehouse of his contention there was an infringement of its copyright. Upon receipt of the notification from Plaintiff, Cigar Warehouse immediately removed all postings containing the photograph. There were no on-line sales of the cigar depicted in the photograph.

3. On January 11, 2018, Cigar Warehouse timely filed its Answer to Plaintiff's Complaint, which included a section "Affirmative and Other Defenses". On February 2, 2018, Plaintiff filed a Motion to Strike Defendant's Affirmative Defenses that requested the Court strike all of Cigar Warehouse's affirmative defenses. Plaintiff subsequently filed his Corrected Motion to Strike Defendant's Affirmative Defenses.

4. Cigar Warehouse elected to re-plead and file an amended answer. On February 20, 2018, Cigar Warehouse filed its (i) Response and Brief in Support Thereof to Plaintiff's Corrected Motion to Strike Defendant's Affirmative Defenses and (ii) unopposed Motion for Leave to File an Amended Answer. Plaintiff's Corrected Motion to Strike Defendant's Affirmative Defenses was denied as moot and Cigar Warehouse's Motion for Leave to File an Amended Answer was granted by Order of the Court on March 8, 2018.

5. In its Amended Answer, Cigar Warehouse asserts (i) that Plaintiff's claims for copyright infringement are barred by the doctrine of unclean hands and inequitable conduct because Plaintiff failed to provide accurate information to the U.S. Copyright Office in applying for registration of its copyright, failed to identify the owner of the intellectual property rights in the label design of the cigar, and depicted the cigar and label design without permission from the owner of the intellectual property rights; and (ii) that Plaintiff's claims are barred and/or mitigated by the doctrine of copyright apportionment.

6. Plaintiff filed the Second Motion on March 7, 2018.

## **LEGAL STANDARD**

7. An affirmative defense is one that admits to the complaint, but avoids liability, wholly or partly, by new allegations of excuse, justification or other negating matters. Motions to strike are governed by Fed. R. Civ. P. 12(f), which authorizes a court to order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The function of the motion is to avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with them early in the case. *Kennedy v. City of Cleveland*, 797 F.2d 297, 305 (6th Cir. 1986)

8. Motions to strike are disfavored and infrequently granted. *Augustus v. Board of Public Instruction of Escambia County, Florida,* 306 F.2d 862, 868 (5th Cir.1962). A disputed question of fact cannot be decided on motion to strike and when there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike." *Augustus,* 306 F.2d at 868. When questions of fact or law are present, the court should "... defer action on the motion and leave the sufficiency of the allegations for determination on the merits." *Id.* In *Augustus*, the Fifth Circuit has noted that because of the practical difficulty of deciding cases without a factual record it is well established that the action of striking a pleading should be sparingly used by the courts. The motion to strike should be granted only when the pleading to be stricken has no possible relation to the controversy. *Augustus,* 306 F.2d at 868.

9. Since striking a portion of a pleading is a drastic remedy, and because it often is sought by the movant simply as a dilatory tactic, motions under Rule 12(f) are viewed with disfavor and are infrequently granted" *Federal Deposit Insurance Corporation v. Niblo,* 821 F.Supp. 441, 449 (N.D.Tex.1993).

10. When determining whether the affirmative defense asserted by defendant is sufficient as a matter of law, the Court may consider: (1) whether the defenses are applicable; and (2) whether the defenses are sufficiently pleaded as to give plaintiff fair notice. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1057–58 (5th Cir. 1982). An affirmative defense must be plead "with enough specificity or factual particularity to give the plaintiff 'fair notice' of the defense that is being advanced". *Woodfield v. Bowman*, 193 F.3d 354, 362 (5th Cir. 1999) Under *Woodfield*, the "fair notice" pleading requirement is met if a defendant "sufficiently articulated the defense so that the plaintiff was not a victim of unfair surprise." 193 F.3d at 362.

11. Affirmative defenses are also subject to the general pleading requirements of Fed. R. Civ. P. 8. Rule 8(b)(1)(A) that requires a party "state in short and plain terms its defenses to each claim asserted against it." Although Rule 8 does not obligate a defendant to set forth detailed factual allegations, a defendant must give the plaintiff "fair notice" of the nature of the defense and the grounds upon which it rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 553 (2007).

## PLAINTIFF'S SECOND MOTION

**Unclean Hands**

12. In Plaintiff's Second Motion, Plaintiff urges the striking of the affirmative defense of unclean hands. The defense of unclean hands will bar enforcement of a valid copyright when a plaintiff commits wrongdoing of serious proportions. *Saxon v. Blann*, 968 F.2d 676, 680 (8th Cir.1992). Plaintiff urges that Cigar Warehouse did not satisfy the Fed R. Civ. P. 9(b) pleading standard citing *Digital Control, Inc. v. Charles Machine Works*, 437 F.3d 1309, 1313 (Fed. Cir. 2006) as its primary authority. *Digital Control* is a patent case where there was an allegation of inequitable conduct based upon the information provided in applicant's declaration to obtain a patent. The issue before the Court was to determine whether the trial court properly granted

summary judgment pursuant to Fed. R. Civ. P. 56 on the issue of inequitable conduct. Ultimately, the circuit court ruled that although there were no genuine issues of material fact as to the materiality of the misstatements in the application for patent, there are genuine issues of material fact as to the materiality of the failure to disclose by the applicant and remanded the case for further proceedings. *Digital Control* provides no support for the contentions made by Plaintiff in the Second Motion that Cigar Warehouse did not satisfy the Fed R. Civ. P. 9(b) pleading standard.

13. Plaintiff also relies upon *Rogers v. Better Business Bureau of Metropolitan Houston, Inc.* 887 F. Supp. 2d 722, 727 (S.D. Tex. 2012). *Rogers* is another summary judgment case where the issue was whether the defendant presented sufficient evidence to overcome the presumption of copyright validity in favor of the plaintiff. Contrary to Plaintiff's argument in the Second Motion regarding the issue of publication, the court in *Rogers* stated the current trend is to find items posted on the internet to be considered published and further stated such determination is to be decided on a case by case basis. If Plaintiff failed to disclose material information to the Copyright Office when it applied for the copyright, such omission may support an unclean hands defense.

**Apportionment**

14. Apportionment of damages is appropriate in a copyright action. An infringer is entitled to an apportionment when the evidence is sufficient to provide a fair basis of division so as to give the copyright proprietor all the profits that can be deemed to have resulted from the use of what belonged to him. *Roulo v. Russ Berrie & Co., Inc.*, 886 F.2d 931, 941 (7th Cir. 1989); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 402, 60 S.Ct. 681. The defense of apportionment is adequate because it provides Plaintiff adequate notice that Cigar Warehouse will seek to reduce Plaintiff's recoverable damages in the event any portion of Defendants' profits were not attributable

to the infringement. 17 U.S.C. § 504(b). Apportionment of damages is an affirmative defense that is appropriate in a copyright action. *Dawes-Ordonez v. Forman*, 418 Fed. Appx. 819 (S.D. Fla. 2009).

## CONCLUSION

Cigar Warehouse prays for an Order by this Court denying Plaintiff's Motion to Strike Defendant's Affirmative Defenses.

Dated: March 21, 2018

Respectfully submitted,

By: /s/ *Robert L. Knebel, Jr.*

Robert L. Knebel, Jr.
Texas State Bar No. 11589500
rknebel@fernandezllp.com
Fernandez LLP
2515 McKinney Avenue, Suite 920
Dallas, Texas 75201
(214) 231-2700
(214) 999-1279 - facsimile

**Attorneys for Defendant
ESM Cigars, LLC d/b/a Cigar Warehouse**

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on this 21st day of March 2018, all counsel of record who are deemed to have consented to electronic service are being served with a copy of this document through the Court's CM/ECF system under Local Rule CV-5(a)(3). Any other counsel of record will be served by a facsimile transmission and/or first class mail.

>*/s/ Robert L. Knebel, Jr.*
>Robert L. Knebel, Jr.